UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CARLOS RODRIGUEZ,

    Plaintiff,

v.                                                    Case No. 8:19-cv-962-T-AEP

ANDREW M. SAUL,
Commissioner of Social Security,

    Defendant.
_____/

## **ORDER**

Plaintiff seeks judicial review of the denial of his claim for a period of disability, disability insurance benefits ("DIB"), and Supplemental Security Income ("SSI"). As the Administrative Law Judge's ("ALJ") decision was not based on substantial evidence and failed to employ proper legal standards, the Commissioner's decision is reversed and remanded.

**I.**

**A.  Procedural Background**

Plaintiff filed an application for a period of disability, DIB, and SSI (Tr. 198, 395-404). The Commissioner denied Plaintiff's claims both initially and upon reconsideration (Tr. 198). Plaintiff then requested an administrative hearing (Tr. 198, 255-65). Per Plaintiff's request, the ALJ held a hearing at which Plaintiff appeared and testified (Tr. 198, 90-160). Following the hearing, the ALJ issued an unfavorable decision finding Plaintiff not disabled and accordingly denied Plaintiff's claims for benefits (Tr. 323-34). Plaintiff requested review from the Appeals Council, which the Appeals Council granted and remanded the case back to the ALJ for further proceedings (Tr. 218-21). Subsequently, another hearing was held at which Plaintiff appeared and testified (Tr. 31-89). Following the hearing, the ALJ again issued an unfavorable decision

finding Plaintiff not disabled and denied Plaintiff's claims for benefits (Tr. 7-30). Plaintiff requested review from the Appeals Council, which the Appeals Council denied (Tr. 1-6). Plaintiff then timely filed a complaint with this Court (Doc. 1). The case is now ripe for review under 42 U.S.C. §§ 405(g), 1383(c)(3).

### B. Factual Background and the ALJ's Decision

Plaintiff, who was born in 1971, claimed disability beginning December 15, 2008 (Tr. 22, 399). Plaintiff obtained a high school education (Tr. 22). Plaintiff's past relevant work experience included work as cable TV installer (Tr. 21). Plaintiff alleged disability due to chronic pain, depression, migraines, spinal injuries, fatigue, memory loss, insomnia, sleep apnea, exhaustion, and anxiety (Tr. 163-64).

In rendering the administrative decision, the ALJ concluded that Plaintiff met the insured status requirements through June 30, 2009 and had not engaged in substantial gainful activity since December 15, 2008, the alleged onset date (Tr. 12-13). After conducting a hearing and reviewing the evidence of record, the ALJ determined Plaintiff had the following severe impairments: status-post cervical injuries and surgery, lumbar radiculopathy, obstructive sleep apnea, shortness of breath and asthma, panic attacks, anxiety, and depression (Tr. 13). Notwithstanding the noted impairments, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 13). The ALJ then concluded that Plaintiff retained a residual functional capacity ("RFC") to lift up to 20 pounds occasionally, lift and/or carry up to 10 pounds frequently. The ALJ further concluded that Plaintiff can:

> "[S]tand and/or walk and sit each for about 6 hours with normal and customary breaks. Any continuous standing or walking should be limited to about 30 minutes, followed by the option to sit for up to 5 minutes. He can occasionally climb ramps, stairs, and stoop, kneel

2

      and crouch, but should avoid climbing ropes and scaffolds or 5+ steps on a ladder and should not crawl. He can frequently balance. He can frequently reach, handle and finger with his upper extremities. The claimant should avoid concentrated/frequent exposure to extreme cold, excessive/loud noise and excessive vibration, and should avoid even moderate (more than occasional) exposure to industrial hazards. He should avoid concentrated exposure pulmonary irritants. He can understand, remember, carryout, apply and perform both simple and detailed tasks, and no more than occasional complex work tasks and instructions, but only in a lower-stress work environment"

(Tr. 15). In formulating Plaintiff's RFC, the ALJ considered Plaintiff's subjective complaints and determined that, although the evidence established the presence of underlying impairments that reasonably could be expected to produce the symptoms alleged, Plaintiff's statements as to the intensity, persistence, and limiting effects of his symptoms were not entirely consistent with the medical evidence and other evidence (Tr. 21).

  Considering Plaintiff's noted impairments and the assessment of a vocational expert ("VE"), however, the ALJ determined Plaintiff could not perform his past relevant work (Tr. 21). Given Plaintiff's background and RFC, the VE testified that Plaintiff could perform other jobs existing in significant numbers in the national economy, such as a plug wirer, number/wirer, and wire worker (Tr. 22). Accordingly, based on Plaintiff's age, education, work experience, RFC, and the testimony of the VE, the ALJ found Plaintiff not disabled (Tr. 23).

## II.

  To be entitled to benefits, a claimant must be disabled, meaning he or she must be unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities, which are demonstrable by

3

medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

The Social Security Administration, in order to regularize the adjudicative process, promulgated the detailed regulations currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. §§ 404.1520(a), 416.920(a). Under this process, the ALJ must determine, in sequence, the following: whether the claimant is currently engaged in substantial gainful activity; whether the claimant has a severe impairment, *i.e.*, one that significantly limits the ability to perform work-related functions; whether the severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404 Subpart P, Appendix 1; and whether the claimant can perform his or her past relevant work. If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of his or her age, education, and work experience. 20 C.F.R. §§ 404.1520(a), 416.920(a). A claimant is entitled to benefits only if unable to perform other work. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); 20 C.F.R. §§ 404.1520(g), 416.920(g).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938) (internal quotation marks omitted)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given

to the legal conclusions. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citations omitted).

In reviewing the Commissioner's decision, the court may not re-weigh the evidence or substitute its own judgment for that of the ALJ even if it finds that the evidence preponderates against the ALJ's decision. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal. *Keeton*, 21 F.3d at 1066. The scope of review is thus limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).

## III.

Plaintiff argues that the ALJ erred by failing to properly discount the medical opinion evidence of a treating physician, Dr. Jose De La Torre.[1] However, the Commissioner contends that the ALJ considered the opinion of Dr. De La Torre, a treating physician, and provided adequate reasons for according little weight to his opinion based on inconsistency with his own objective findings, with the other evidence of record, and with regard to Plaintiff's own statements regarding his daily living activities (Doc. 35, at 10); (T. 18-21, 1074-1085). For the following reasons, the ALJ failed to apply the correct legal standards and the ALJ's decision is not supported by substantial evidence.

---

[1] Plaintiff structured the heading of his first argument as the ALJ's "failure to properly evaluate Plaintiff's complaints of symptoms related to C-7 Radiculopathy," however the body of Plaintiffs argument does not include this particular issue. (*See* Doc. 35, at 5). As such, the issue will be analyzed by the over-arching contention of the ALJ's failure to properly discount the medical opinion evidence, which includes an assessment of Plaintiff's C-7 Radiculopathy.

5

At step four of the sequential evaluation process, the ALJ assesses the claimant's RFC and ability to perform past relevant work. *See* 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1545, 416.920(a)(4)(iv), 416.945. To determine a claimant's RFC, an ALJ makes an assessment based on all of the relevant evidence of record as to what a claimant can do in a work setting despite any physical or mental limitations caused by the claimant's impairments and related symptoms. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). In rendering the RFC, therefore, the ALJ must consider the medical opinions in conjunction with all of the other evidence of record and will consider all of the medically determinable impairments, including impairments that are not severe, and the total limiting effects of each. 20 C.F.R. §§ 404.1520(e), 404.1545(a)(2) & (e), 416.920(e), 416.945(a)(2) & (e); *see Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987) (stating that the "ALJ must consider the applicant's medical condition taken as a whole"). When assessing the medical evidence, the ALJ must state with particularity the weight afforded to different medical opinions and the reasons therefor. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011) (citation omitted). Typically, the ALJ must afford a treating physician's opinion substantial or considerable weight unless "good cause" is shown to the contrary. *Schink v. Comm'r of Soc. Sec.*, 935 F.3d 1245, 1259 (11th Cir. 2019) (quoting *Phillips v. Barnhart*, 357 F.3d 1232, 1240 (11th Cir. 2004)). Good cause exists when (1) the treating physician's opinion was not bolstered by the evidence, (2) the evidence supported a contrary finding, or (3) the treating physician's opinion was conclusory or inconsistent with the physician's own medical records. *Id.* (citing *Winschel*, 631 F.3d at 1179; *Phillips*, 357 F.3d at 1240-41). A claimant's RFC is, ultimately, "a matter reserved for the ALJ's determination, and while a physician's opinion on the matter will be considered, it is not dispositive." *Beegle v. Soc. Sec. Admin., Comm'r*, 482 F. App'x 483, 486 (11th Cir. 2012).

Here, the ALJ's reasons for rejecting Dr. De La Torre's opinion do not constitute good cause. Dr. De La Torre examined Plaintiff from 2014-2016 and rendered Plaintiff a very limiting residual functional capacity opining that Plaintiff is incapable of performing light work or sedentary work on a sustained basis (T. 1074-1085). This RFC was based in part on Dr. De La Torre's own medical observations (T. 727-791) as well as an evaluation he ordered Plaintiff to complete at the Functional Evaluation Testing of Florida (T. 963-81, 983-1001). In rendering his decision, the ALJ reviewed the medical evidence by Dr. De La Torre, and ultimately discounted his opinion stating:

> I have considered the opinion and assessment of Dr. De la Torre (Exhibit 21F), but gave them little probative weight because, they are inconsistent with his own treatment notes (Exhibit 1 OF), the medical evidence of record, the claimants ADL and the RFC as stated herein. Moreover, the claimant reported that he could do much more than what the doctor reported (Exhibits 6F, 7F, 9F and 33F).

(T. 21).

First, the ALJ states that Dr. De La Torre's findings are inconsistent with his own treatment notes. Notably, the ALJ did not provide an explanation as to how Dr. De La Torre's findings are inconsistent within themselves and he did not clearly articulate what evidence led him to that conclusion. Rather, after a thorough review of the record, it appears Dr. De La Torre produced consistent findings. Dr. De La Torre examined Plaintiff numerous times for pain management between 2014-2016. Upon each visit, Dr. De La Torre noted Plaintiff's subjective complaints, formulated his own assessment and opinion, and recommended a treatment plan going forward (T. 727-791). Specifically, in nearly all of his assessments, Dr. De La Torre opined that Plaintiff exhibited a normal gait, better range of motion in his cervical spine, decreased range of motion in his back, existing pain in both his back and neck, and diagnosed Plaintiff with cervical disc degeneration, cervical/thoracic spondylosis without myelopathy, neck pain, back pain, lumbar disc degeneration, and chronic pain syndrome. (T. 728, 730, 732,

7

734, 736, 739, 742, 744, 747, 749, 752, 754, 757, 759, 761, 763, 770, 774, 778, 781, 784, 786). The entirety of his medical opinions produces almost identical findings. As such, it is difficult to discern what if any inconsistencies the ALJ relied upon to discount Dr. De La Torre's opinion.

Additionally, the ALJ's contention that Dr. De La Torre's findings are inconsistent with the evidence of record is insufficient. The ALJ did not explain how Dr. De La Torre's assessment was not supported by the evidence of record, fully or otherwise; nor did the ALJ clearly articulate what evidence led him to that conclusion. The ALJ's failure to do so constitutes error. *See Schink v. Comm'r of Soc. Sec.*, 935 F.3d 1245, 1263 (11th Cir. 2019) (finding ALJ's statement that the treating doctors' questionnaires were "inconsistent with other substantial evidence of record" insufficient where "the ALJ failed to clearly articulate what evidence led him to this conclusion") (citations omitted); *Hubbell-Canamucio v. Comm'r of Soc. Sec.*, No: 2:15-cv-21-FtM-DNF, 2016 WL 944262, at *4 (M.D. Fla. Mar. 14, 2016) (finding conclusory statements that an opinion is inconsistent or not supported by the record are insufficient to show good cause for rejecting a treating doctor's opinion unless the ALJ articulates factual support) (citing *Kahle v. Comm'r of Soc. Sec.*, 845 F. Supp. 2d 1262, 1272 (M.D. Fla. 2012)); *Corron v. Comm'r of Soc. Sec.*, 2014 WL 235472, at *6-7 (M.D. Fla. Jan. 22, 2014) (rejecting ALJ's assertion that treating doctor's opinion was "not supported by objective medical findings and [was] inconsistent with the evidence of record when considered in its entirety" because ALJ failed to articulate evidence supporting that reason); *Paltan v. Comm'r of Social Sec.*, 2008 WL 1848342, at *5 (M.D. Fla. Apr. 22, 2008) ("The ALJ's failure to explain how [the treating doctor's] opinion was 'inconsistent with the medical evidence' renders review impossible and remand is required."). In fact, upon review, numerous medical examinations opined similar findings to Dr. De La Torre. (*See e.g.* T. 564, 569, 575, 652, 664,

8

714, 720, 882, 917, 928, 929, 934, 1031). Absent an explanation by the ALJ, there is insufficient evidence to establish that that Dr. De La Torre produced inconsistent findings as compared to other evidence in the record.

Additionally, the ALJ's final reason for discounting the opinion of Dr. De La Torre, due to Plaintiff's statements regarding his daily living activities, does not constitute good cause. The ALJ rejected his opinion in part because "the claimant reported that he could do much more than what the doctor reported" and cited to Exhibits 6F, 7F, 9F and 33F as his basis for this finding (T. 21).[2] However, upon review of these exhibits, substantial evidence does not support the ALJ's contention that Plaintiff was more capable than what Dr. De La Torre opined. Again, the ALJ did not explain how Plaintiff's statements of his daily living activities are inconsistent with Dr. De La Torre's findings, nor did the ALJ clearly articulate what evidence led him to that conclusion. After review of the cited exhibits, the ALJ is likely referring to various statements made by Plaintiff in his examinations by Dr. Mary Lee Hutcheson and Dr. Mary Kathleen Cahill, who both examined him for psychotherapy (T. 652-679, 1057-1072).[3] Specifically, Dr. Hutcheson noted that Plaintiff wanted to pursue "some sort of career" and that he was "still struggling with how to best deal with people who lease from him and are taking

---

[2] Exhibit 9F is forty-two pages of medical opinions by various examiners from the Medical Specialists of Tampa Bay. It is unclear from the ALJ's decision what specific medical opinions he is claiming are inconsistent with regard to Plaintiff's daily living activities. (T. 685-720).

[3] Notably, in rendering his decision, the ALJ also afforded little weight to the opinion of Dr. Hutcheson stating:

> Little weight to Dr. Hutcheson, a treating source, because her marked mental limitations of the claimant (Exhibit 8F) is inconsistent with her own clinical findings wherein she repetitively and repeatedly document only moderate to mild symptoms. Moreover, the claimant stated that he could do much more than what Dr. Hutcheson reported in terms of mental restrictions, i.e., operating a dance studio, and teaching dance lessons (Exhibit 7F); pursuing "some sort of career" (Exhibit 6F) and renting to tenants (Exhibit 33F).

(T. 21).

advantage of him financially" (T. 655, 657). Dr. Hutcheson also noted that Plaintiff struggled with back pain which continued to limit his daily activity and that he continued to have debilitating pain which made it extremely difficult for him to "participate in his passion, which is dancing" (T. 1057, 1063). Similarly, treatment notes from Dr. Cahill state that Plaintiff had difficulty walking and could not sit for long periods of time leading to him having to quit a delivery job because he was unable to sit for that long in a car (T. 664, 665). She also notes that Plaintiff attempted to dance, however he suffered for several days after "because of the moves he must make on the dance floor" (T. 670). She also discussed his frequent spasms, inability to sit still, and continuous pain (T. 666, 670, 675, 679).

After review, Plaintiff's statements regarding his daily living activities do not appear to be inconsistent with Dr. De La Torre's findings. Particularly, Plaintiff's statements do not alone demonstrate that he can do more than what Dr. De La Torre opined, which is that Plaintiff is incapable of light and sedentary work. *See* 20 C.F.R. § 416.972(c) (recognizing that performing self-care, household tasks, and hobbies generally are not indicative of the ability to work on a regular and continuing basis). Rather, the record supports that Plaintiff has difficulty dancing, and has been unable operate his dance studio, which is his "passion." Hearing testimony further supports that he has been unable to teach dance classes, without experiencing pain, since approximately 2008 (T. 65, 66, 68, 97-98, 670). Further, reliance on Plaintiff's statements regarding his intention to "pursue some sort of career" and lease his dance studio to tenants do not provide sufficient evidence that he is able to do light or sedentary work as Dr. De La Torre opined. Thus, the ALJ's failure to provide any explanation as to how Dr. De La Torre's assessment is inconsistent both within itself and as compared to the evidence of record and Plaintiff's subjective statements, constitutes error. As such, the ALJ did not establish good

cause to discount Dr. De La Torre's medical opinion and the case is remanded for proper consideration of this evidence.

## IV.

Accordingly, after consideration, it is hereby

ORDERED:

1. The decision of the Commissioner is REVERSED, and the matter is REMANDED pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner for further administrative proceedings consistent with this Order.

2. The Clerk is directed to enter final judgment in favor of the Plaintiff and close the case.

DONE AND ORDERED in Tampa, Florida, on this 22nd day of September 2020.

*[signature]*

ANTHONY E. PORCELLI
United States Magistrate Judge

cc: Counsel of Record