UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CARLOS RODRIGUEZ,

    Plaintiff,

v.                                                           Case No. 8:19-cv-962-T-AEP

KILOLO KIJAKAZI,
Acting Commissioner of Social Security,[1]

    Defendant.
_____/

## ORDER

This cause comes before the Court upon the Motion for Attorney's Fees Under 42 U.S.C. § 406(b) (Doc. 40).  On September 22, 2020, this Court entered an Order reversing and remanding the decision of the Commissioner under sentence four of 42 U.S.C. § 405(g) (Doc. 36).  Upon remand, the Commissioner issued a favorable decision for Plaintiff resulting in an award of disability benefits (Doc. 40-1).  As a result of the favorable decision, Plaintiff's counsel now seeks payment of fees in the amount of $13,844.03 pursuant to 42 U.S.C. § 406(b).

---

[1] Kilolo Kijakazi is now the Commissioner of Social Security.  Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Acting Commissioner Kilolo Kijakazi should be substituted for Commissioner Andrew M. Saul as the defendant in this matter.  No further action needs to be taken to continue this matter by reason of the last sentence of section 205(g) of the Social Security Act.  42 U.S.C. § 405(g).

The Court previously awarded Plaintiff's fees in the amount of $3,620.95 pursuant to the EAJA (Doc. 39). Plaintiff's counsel seeks payment of fees in the amount of $13,844.03 pursuant to 42 U.S.C. § 406(b).

Under 42 U.S.C. § 406(b), when a court renders a judgment favorable to a Social Security claimant who was represented before the court by counsel, the court may allow a reasonable fee for such representation, not to exceed twenty-five percent of the total past-due benefits to which the claimant is entitled. 42 U.S.C. § 406(b)(1)(A). A plaintiff's counsel may recover attorneys' fees under both 42 U.S.C. § 406(b) and EAJA. *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002). The plaintiff's attorney must, however, refund to the plaintiff the amount of the smaller fee. *Id.* Although Plaintiff's provided letter about an award of back payments does not specify how much the Social Security Administration ("SSA") withheld from Plaintiff's back payments (*See* Doc. 40-1), twenty-five percent of Plaintiff's past-due benefits ($13,844.03), which is the most the SSA will likely authorize for attorney's fees under 42 U.S.C. § 406(b), has likely been withheld. *See* 20 C.F.R. §§ 416.1528, 416.1530. Upon review of the fee agreement (Doc. 40-3) and the itemization of services rendered by counsel (Doc. 40-2), the Court determines that an award of fees in the amount of $13,844.03 is reasonable and appropriate. Accordingly, it is hereby

ORDERED:

1. Plaintiff's request for an award of attorney's fees under 42 U.S.C. § 406(b) (Doc. 40) is GRANTED.

2. Plaintiff's counsel is awarded fees in the amount of $13,844.03 pursuant to 42 U.S.C. § 406(b).

DONE AND ORDERED in Tampa, Florida, on this 30th day of August 2021.

ANTHONY E. PORCELLI
United States Magistrate Judge

cc: Counsel of Record